**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Martin Gastelum, | No. CV-20-02152-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Kool Smiles PC, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs Joseph Martin Gastelum et al.'s ("Plaintiffs") Motion for Leave to Amend the Complaint (Doc. 11) and Motion to Remand Under 28 U.S.C. § 1452(b). (Doc. 16.) For the following reasons, the Motion to Remand is granted and the Motion for Leave to Amend is denied as moot.

**BACKGROUND**

This action concerns the death of Zion Gastelum, a two-year-old boy who died shortly after receiving dental treatment at a Kool Smiles Dental Clinic. Plaintiffs brought suit in state court on September 7, 2018 and assert several claims under Arizona state law: dental malpractice, negligent hiring and supervision, negligence per se, consumer fraud, aiding and abetting, and civil conspiracy. (Doc. 1-4 at 1.) Since then, the state court has resolved numerous motions and conducted and heard several status conferences and oral arguments. (Doc. 16-5.) On August 2 and 3, 2020, Defendants Benevis Corporation, Benevis Holding Corporation, and Benevis LLC ("Debtors") filed voluntary petitions for

relief under Chapter 11, Title 11 of the United States Code. *Id.* at 1. Because of the pending bankruptcy proceeding, Defendants removed the lawsuit to this Court on November 9, 2020. In response, Plaintiffs then filed the instant motion to remand pursuant to 28 U.S.C. 1452(b).

## DISCUSSION

### I.  Legal Standard

When a case is removed pursuant to 28 U.S.C. § 1334, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Although not defined by statute, the Ninth Circuit Bankruptcy Appellate Panel has explained that "any equitable ground" is unusually broad and "subsumes and reaches beyond all of the reasons for remand under non-bankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. B.A.P. 1999).

Several factors are relevant to the determination of whether equitable grounds support remand:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re Cedar Funding, Inc.*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009).

### II.  Analysis

Here, the above factors favor equitable remand. State law issues not only predominate, they are the only issues in the action. As a matter of both comity and deference to the Arizona courts' unique expertise in interpreting Arizona law, remand is appropriate. *See Tran v. Select Portfolio Servicing, Inc.*, No. 14-CV-05404-HSG, 2015 WL

1802445, at *2 (N.D. Cal. Apr. 20, 2015). There is also not a significant degree of closeness between the bankruptcy proceeding and the instant case. This matter bears no factual relation to the bankruptcy case other than the Debtors filing for relief. Although "the outcome of the case may well [have] an effect on the assets and liabilities of the bankruptcy estate, this connection alone is not sufficient to warrant the exercise of federal jurisdiction given the state law issues involved and the action's long pendency in state court." *Estate of Scott v. Cervantes*, No. CV0803293MMMCWX, 2008 WL 11337657, at *5 (C.D. Cal. July 29, 2008). "[W]here a suit is not based in federal law and is only tangentially related to a bankruptcy, it is appropriate, for reasons of comity and pragmatism, to remand the case to the more experienced state forum." *Id.* (quoting *In re Etheridge*, No. 305-40182-TMB, 2006 WL 4528540 (Bankr. D. Or. July 21, 2006)). Remand is further supported by the fact that this case includes several non-debtor parties, (Doc. 20 at 12), and there is no jurisdictional basis in this Court other than § 1334, *id.* at 10.

Nor do Defendants support their assertion that federal jurisdiction is necessary for efficient resolution of the case. They provide no authority for their assumption that a federal court can dispose of the claim most efficiently merely because the matter has been before the state court for a prolonged period of time. Moreover, although Defendants argue that this matter must be resolved before the Liquidating Trustee can liquidate the estate, this is true whether the case is pending before this Court or the state court. In fact, because the state court has already presided over a significant amount of litigation in this matter, considerations of efficiency and judicial economy are better served by remanding the case. The parties litigated this matter in state court for 18 months, and the court addressed pretrial motions and conducted limited discovery to do so. Thus, considering the factors in totality, equity favors remand to state court.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is granted, and the Motion to Amend is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand Under 28 U.S.C. § 1452(b) (Doc. 16) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend (Doc. 11) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** vacating the Scheduling Conference scheduled for January 8, 2021.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to close the case.

Dated this 5th day of January, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge